IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| William Tisdale | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:14-cv-142 |
| | § | |
| UV Logistics Holding Corp., | § | |
| UV Logistics, LLC, and Wayne Reeves | § | |
| | § | |
| Defendants. | § | |

## Plaintiff's Original Complaint

Plaintiff William Tisdale complains of Defendants UV Logistics Holding Corp., UV Logistics, LLC, and Wayne Reeves ("Defendants") and would respectfully show that:

### I.

### Jurisdiction and Venue

1. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Chambers County, which is in this District and Division.

### II.

### Parties

2. Plaintiff William Tisdale resides in Harris County and is a citizen of Texas.

3. Defendant UV Logistics Holding Corp. is a Louisiana company that may be served through its principal offices at 200 Corporate Boulevard, Suite 104, Lafayette, Louisiana 70508.

4. Defendant UV Logistics, LLC is a Louisiana company that may be served through its registered agent, Corporate Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.

5. Defendant Wayne Reeves is a citizen of Louisiana that may be served by personal delivery to 1469 Adams Road, Ragley, Louisiana 70657.

### III.

### Facts

6. This lawsuit is necessary as a result of personal injuries that Plaintiffs received on or about December 2, 2013. Specifically, Plaintiff was in his motor home when he was struck by Defendants who were in an 18-wheeler. At all times material hereto, Defendant Reeves was operating the vehicle in the course and scope of his employment with Defendants UV Logistics. As such, Defendant UV Logistics is vicariously liable for Defendant Reeves' negligent acts and omissions under the doctrine of *respondeat superior*. The collision caused Plaintiffs to suffer bodily injuries including, but not limited to, injuries to his back, neck, and shoulder.

7. Plaintiff sustained injuries because of Defendants' negligence, negligence per se, and gross negligence when Defendants:

- Failed to operate the vehicle safely;
- Failed to keep a proper lookout;
- Failed to maintain a safe distance;
- Violated applicable, local, state, and federal laws and/or regulations;
- Other acts so deemed negligent and grossly negligent.

2

8. Defendants should also be held liable as a matter of law for their respective violations of the Texas Transportation Code and the Federal Motor Carrier Statutes.

9. As a result of Defendants' negligence, the Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injury. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

B. *Negligent Hiring (Against the UV Logistics Defendants)*

10. Plaintiff repeats and realleges each allegation contained above.

11. Plaintiff sustained injuries as a result of Defendants' negligent hiring because of Defendants':

- Failure to conduct a reasonable and adequate interview of Mr. Reeves as a potential employee.

- Failure to properly follow up on information not provided by Mr. Reeves in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate Mr. Reeves's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Mr. Reeves.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

C.     *Negligent Training (Against UV Logistics Defendants).*

12.    Plaintiff repeats and realleges each allegation contained above.

13.    Plaintiff sustained injuries as a result of Defendants' negligent training because of Defendants':

- Failure to explain and demonstrate its safety policies and procedures to Mr. Reeves.

- Failure to provide the necessary training to Mr. Reeves regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Mr. Reeves, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

D.     *Negligent Supervision, Retention, and Monitoring (against UV Logistics Defendants)*

14.    Plaintiff repeats and realleges each allegation contained above.

15.    Plaintiff sustained injuries as a result of Defendants' negligent supervision, retention and monitoring because of Defendants':

- Failure to monitor Mr. Reeves to make sure that he was complying with policies and procedures.

- Failure to interview and test Mr. Reeves to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Mr. Reeves, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Mr. Reeves to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

E.  *Negligent Entrustment (against UV Logistics Defendants)*

16.  Plaintiff repeats and realleges each allegation contained above.

17.  Plaintiff sustained injuries as a result of Defendants' negligent entrustment because Defendants: Provided a vehicle to Wayne Reeves who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

## IV.

## Jury Demand

18.  Plaintiffs hereby demand a trial by jury.

## V.

## Prayer

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final

5

hearing, Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future physical pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt Arnold*

---

Kurt Arnold
Texas State Bar No. 24036150
karnold@arnolditkin.com
Ryan M. Grant
Texas State Bar No. 24055578
rgrant@arnolditkin.com
M. Paul Skrabanek
Texas State Bar No. 24063005
pskrabanek@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

And

**DASPIT LAW FIRM**
John A. Daspit
Texas State Bar No. 24048906
952 Echo Lane, Suite 409
Houston, TX 77024
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
E-mail: jdaspit@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**